B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|
| **Name of Debtor** (if individual, enter Last, First, Middle):<br>**Lazy Days' R.V. Center, Inc.** | **Name of Joint Debtor** (Spouse) (Last, First, Middle):<br>N/A |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**Lazydays RV SuperCenter; Lazydays RV Center; Lazy Days R.V. Insurance Center; Lazy Days' R.V. Center, Inc. d/b/a/ Used RV Liquidators, Better RVing, Lazy Days** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>N/A |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **59-1764794** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No and Street, City, and State):<br>**6130 Lazy Days Boulevard**<br>**Seffner, FL**<br>ZIP CODE: **33584-2968** | Street Address of Joint Debtor (No and Street, City, and State):<br>N/A<br>ZIP CODE: |
| County of Residence or the Principal Place of Business: **Hillsborough County** | County of Residence or the Principal Place of Business: N/A |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE: | Mailing Address of Joint Debtor (if different from street address):<br>N/A<br>ZIP CODE: |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE: | |

**Type of Debtor** (Form of Organization) (Check one box)
- [ ] Individual (Includes Joint Debtors) *See Exhibit D. on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- [ ] Health Care Business.
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other
  Recreational Vehicle Retailer

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- [ ] Debts are primarily consumer primarily debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family or house-hold purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box)
- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is a not small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- [x] A plan is being filed with this petition.
- [x] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to 50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] |

Estimated Liabilities

| $0 to 50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] |

| B 1 (Official Form 1) (1/08) | | FORM B1, Page 2 |
|---|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Lazy Days' R.V. Center, Inc.** | |
| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| Name of Debtor:<br>**See attached Schedule 1** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br>☐ Exhibit A is attached and made part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X_____<br>        Signature of Attorney for Debtor(s)     (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No. The Debtor is not aware of any definition of "imminent and identifiable harm" as used in this form.  The Debtor does not believe it owns or possesses property that poses or is alleged to pose a threat of such harm.  The Debtor owns or possesses property that is subject to investigation or remediation under environmental laws.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and
☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.
☐ Debtor certifies that he/she has served the Landlord with this certification (11 U.S.C. § 362(1)).

| B 1 Official Form 1 (1/08) | Form B1, Page 3 |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Lazy Days' R.V. Center, Inc.** |

**Signatures**

| **Signature(s) of Debtors(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am ware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>**X** _____<br>Signature of Debtor<br><br>**X** _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1515, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>**X** _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |
| **Signature of Attorney*** | **Signature of Non-Attorney Petition Preparer** |
| **X** */s/ Robert S. Brady*<br>Signature of Attorney for Debtor(s)<br><br>**Robert S. Brady**<br>Printed Name of Attorney for Debtor(s)<br><br>**Young Conaway Stargatt & Taylor, LLP**<br>Firm Name<br><br>**1000 West Street, 17th Floor, P.O. Box 391**<br>Address<br>**Wilmington, Delaware  19899-0391**<br>Address<br>**302-571-6600**<br>Telephone Number<br><br>**November 5, 2009**<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedule is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition prepared as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>_____<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| **Signature of Debtor (Corporation/Partnership)** | |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>**X** */s/ Randall Lay*<br>Signature of Authorized Individual<br>**Randall Lay**<br>Printed Name of Authorized Individual<br>**Chief Financial Officer**<br>Title of Authorized Individual<br>**November 5, 2009**<br>Date | |

# **SCHEDULE 1**

## **Names of Affiliate Debtors**

RV Acquisition Inc., a Delaware corporation
LDRV Holdings Corp., a Florida corporation
LD Holdings, Inc., a Delaware corporation

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LAZY DAYS' R.V. CENTER, INC., <u>et al.</u>,[1] | ) | Case No. 09-_____(___) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

**CONSOLIDATED LIST OF CREDITORS
<u>HOLDING THE 30 LARGEST UNSECURED CLAIMS</u>**

Lazy Days' R.V. Center, Inc. and its affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), each filed a voluntary petition for relief under title 11 of the United States Code. The following is the consolidated list of the Debtors' creditors holding the 30 largest unsecured claims (the "<u>Consolidated List</u>") based on the Debtors' books and records as of November 3, 2009. The Consolidated List is prepared in accordance with rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in these chapter 11 cases. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims on a consolidated basis. None of these creditors are minor children. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim.

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: Lazy Days' R.V. Center, Inc. (4794); LD Holdings, Inc. (1834); LDRV Holdings Corp. (6915); and RV Acquisition Inc. (1630). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 6130 Lazy Days Boulevard, Seffner, Florida 33584-2968.

| (1) Name of creditor | (2) Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contracts, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to set off[2] | (5) Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| 1. The Bank of New York | Attn: Corporate Trust Trustee Administration<br>101 Barclay Street, Floor 8W<br>New York, NY 10286<br>(212)815-5360 | Lazy Days' 11.75% Notes due 2012 | | $137,800,000.00 |
| 2. Monaco Coach Corp. | PO Box 16402<br>Chicago IL 60696<br>(800)634-0855 | Trade Debt | | $329,121.13 |
| 3. United Healthcare Insurance Co | 22703 Network Place<br>Chicago, IL 60673-1227<br>(813)890-4500 | Insurance Claim | | $206,090.44 |
| 4. Camping World Inc/Corporate | PO Box 90018<br>1355 Windward Concourse<br>Bowling Green, KY 42101-9018<br>(813)623-5848 | Trade Debt | | $96,001.48 |
| 5. Bank of America Epayables | PO Box 15731<br>Wilmington, DE 19886-5731<br>(757)533-7561 | Bank of America Corporate Credit Card Program | | $92,148.89 |
| 6. Allied Barton Security Service | PO Box 828854<br>Philadelphia, PA 19182<br>(813)620-6621 | Trade Debt | | $65,636.46 |
| 7. Stag-Parkway, Inc. | PO Box 405133<br>Atlanta, GA 30384<br>(800)955-7824 | Trade Debt | | $59,640.62 |
| 8. Cornerstone Tree Farm, Inc. | 14620 Bellamy Brothers Blvd.<br>Dade City, FL 33523<br>(352)588-2235 | Trade Debt | | $51,500.42 |
| 9. Wade RV, Inc. | PO Box 2115<br>Valrico, FL 33594<br>(813)626-8697 | Trade Debt | | $50,382.48 |
| 10. Fleetwood RV Inc | 3125 Myers Street<br>Riverside, CA 92513<br>(260)724-5721 | Trade Debt | | $43,296.21 |
| 11. G.A. Nichols Company | 2271 Bellair Road<br>Clearwater, FL 33764<br>(727)561-0509 | Trade Debt | | $40,300.00 |
| 12. Coast Distribution System | Po Box 1750<br>Morgan Hill, CA 95038-1750<br>(800)966-1313 | Trade Debt | | $29,166.23 |
| 13. Lightning RV Supply | PO Box 448<br>Thonotosassa, FL 33592<br>(813)986-3442 | Trade Debt | | $28,226.46 |
| 14. Qwest Inc | Po Box 856169<br>Louisville, KY 40285-6169<br>(800)569-0771 | Trade Debt | | $27,681.94 |
| 15. Sherwin Williams | 6015 Benjamin Rd. S# 332<br>Tampa, FL 33634<br>(813)901-5833 | Trade Debt | | $26,904.38 |
| 16. U.S. Food Service | Po Box 330<br>Lakeland, FL 33802-0330<br>(800)688-2860 | Trade Debt | | $25,845.79 |

---

[2] As noted above, the Debtors reserve their rights to dispute the claims on this schedule on any basis.

| (1) Name of creditor | (2) Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contracts, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to set off[2] | (5) Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| 17. Sundial Ltd, Inc. | 10002 Williams Road<br>Tampa, FL 33624<br>(813)960-4336 | Trade Debt | | $24,671.38 |
| 18. Sayyah's Cleaning, Inc. | 4119 Gunn Highway, Suite 16<br>Tampa, FL 33618<br>(813)961-1445 | Trade Debt | | $24,196.64 |
| 19. First Insurance Funding Corp. | 450 Skokie Blvd, Ste 1000<br>Northbrook, IL 60062<br>(800)837-3707 | Insurance Claim | | $20,157.89 |
| 20. Country Coach, Inc. | P O Box 24903<br>Seattle, WA 98124-1903<br>(800)547-8015 | Trade Debt | | $19,092.81 |
| 21. Ricky Martinez dba Bon Appetit | BON APPETIT CATERERS LLC<br>926 La Maison Rd<br>Duson, LA 70529<br>(337)873-0269 | Trade Debt | | $18,443.00 |
| 22. Interstate Battery | 1600 E Busch Blvd<br>Tampa, FL 33612<br>(813)932-0108 | Trade Debt | | $17,011.43 |
| 23. Lupton's Catering | PO Box 16768<br>Tampa, FL 33687-6768<br>(813)985-6963 | Trade Debt | | $15,913.95 |
| 24. Winnebago | Po Box 152<br>Forest City, IA 50436<br>(641)585-6282 | Trade Debt | | $15,001.75 |
| 25. SMC Diversified Services, Inc. | 323 Lynn Ette Place<br>Attention: Rick Winters<br>Lakeland, FL 33809<br>(863)698-9696 | Trade Debt | | $14,895.00 |
| 26. United States Warranty Corp | 22 Ne 22Nd Avenue<br>Pompano Beach, FL 33062<br>(800)432-4566 | Trade Debt | | $14,466.29 |
| 27. Radio Shack | PO Box 281395<br>Atlanta, GA 30384-1395<br>(817)415-2295 | Trade Debt | | $12,947.15 |
| 28. Lane Furniture Industries | PO Box 536823<br>Atlanta, GA 30353<br>(727) 612-0998 | Trade Debt | | $12,508.18 |
| 29. Duncan Systems, Inc. | 5236 Reliable Parkway<br>Chicago, IL 60686<br>(800)551-9149 | Trade Debt | | $12,474.00 |
| 30. Coach Net | PO Box 803249<br>Dallas, TX 75380<br>(928)855-2329 | Trade Debt | | $12,007.00 |

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I, Randall Lay, the duly qualified and elected Chief Financial Officer of Lazy Days' R.V. Center, Inc., declare under penalty of perjury that I have reviewed the foregoing Consolidated List and that it is true and correct to the best of my information and belief.

Dated: November 5, 2009          */s/ Randall Lay*
                                              Randall Lay
                                              Chief Financial Officer

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LAZY DAYS' R.V. CENTER, INC. | ) Case No. 09-_____(___) |
| | ) |
| Debtor. | ) Joint Administration Requested |
| | ) |

**STATEMENT PURSUANT TO RULES 1007(A) AND
7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Pursuant to rules 1007(a) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above captioned debtor and debtor in possession (the "Debtor") states as follows:

1. The following entities directly or indirectly own 10% or more of the equity interests in the Debtor:

    LD Holdings, Inc.
    RV Acquisition Inc.
    Bruckmann, Rosser, Sherrill & Co., II, L.P.
    Donald W. Wallace

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I, Randall Lay, the duly qualified and elected Chief Financial Officer of Lazy Days' R.V. Center, Inc., declare under penalty of perjury that I have reviewed the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Dated: November 5, 2009              */s/ Randall Lay*
                                                            Randall Lay
                                                            Chief Financial Officer

# CERTIFICATE

The undersigned, **Linda Stephens, Secretary** of Lazy Days' R.V. Center, Inc. (the "Corporation"), a Florida corporation, hereby certifies as follows:

1. I am the duly qualified and elected **Secretary** of the Corporation and, as such, I am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of the Corporation.

2. Attached hereto is a true, complete, and correct copy of the resolution of the Board, duly adopted at a properly convened meeting of the Board on **October 27, 2009**, by the members constituting a majority of the votes of the quorum of the directors there present, in accordance with the bylaws of the Corporation.

3. Such resolution has not been amended, altered, annulled, rescinded, or revoked and is in full force and effect as of the date hereof. There exists no other subsequent resolution of the Board of the Corporation relating to the matters set forth in the resolution attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the November 5, 2009.

**LAZY DAYS' R.V. CENTER, INC.**

/s/  *Linda Stephens*

Name: Linda Stephens
Title:  Secretary

# Lazy Days' R.V. Center, Inc.

## Resolution of the Board of Directors

Effective as of this 27th day of October, 2009, the members constituting a majority of the votes of a quorum of the board of directors (collectively, the "Board") of Lazy Days' R.V. Center, Inc., a Florida corporation (the "Corporation"), took the following actions and adopted the following resolutions:

**WHEREAS**, the Corporation and certain of its affiliates, Bank of America, N.A. and KeyBank National Association, each in its capacity as a lender under the Credit Agreement (defined below), and certain holders of the Senior Notes (as defined below) have been negotiating restructuring and recapitalization transactions (collectively, the "Transactions") with respect to the debt of the Corporation and/or its affiliates, as applicable, including the obligations under (i) the Third Amended and Restated Credit Agreement, originally dated as of July 15, 1999, amended and restated as of July 31, 2002, May 14, 2004, and February 22, 2007 and as subsequently amended January 14, 2008, April 14, 2008, August 30, 2008, September 1, 2008 and December 31, 2008 (the "Credit Agreement") and (ii) the 11 3/4% Senior Notes due 2012 (the "Senior Notes") in the aggregate original principal amount of $152 million issued under the Indenture, dated May 14, 2004 (the "Indenture"), by and between the Corporation, as issuer, and The Bank of New York Mellon, as indenture trustee;

**WHEREAS**, the Corporation and certain of its affiliates entered into a Plan Term Sheet ("Plan Term Sheet"), dated as of September 4, 2009, executed by and among the Corporation, BRS (as such term is defined therein) and each member of the Committee (as such term is defined therein);

**WHEREAS**, the Board has reviewed the materials presented by the management and the advisors of the Corporation regarding the liabilities and liquidity situation of the Corporation, the strategic alternatives available to it, and the impact of the foregoing on the Corporation's businesses;

**WHEREAS**, the Board has had the opportunity to consult with the management and the advisors of the Corporation and fully consider the strategic alternatives available to the Corporation;

**WHEREAS**, the Board has reviewed the terms of the Corporation's proposed prepackaged chapter 11 plan of reorganization (the "Prepackaged Plan") and related disclosure statement (the "Disclosure Statement") and all material documents related thereto;

**WHEREAS**, the Corporation commenced solicitation of the Prepackaged Plan on September 4, 2009 to creditors eligible to cast votes to accept or reject the Prepackaged Plan pursuant to Section 1129 of chapter 11 of title 11 of the United States Code (the "Solicitation");

**WHEREAS**, the Corporation established October 2, 2009, as the deadline by which all votes regarding Solicitation of the Prepackaged Plan were to be returned for recordation;

**WHEREAS**, the Corporation received a voting report regarding Solicitation of the Prepackaged Plan on October 5, 2009, indicating that more than two-thirds in dollar amount and one-half in number of voting creditors in Class 3 (as such term is defined in the Prepackaged Plan) voted to accept the Prepackaged Plan;

**WHEREAS**, the Board has considered the current Solicitation of votes for the Prepackaged Plan and the acceptance of the Prepackaged Plan by Class 3, which is the only impaired class under the Prepackaged Plan and therefore the only class entitled to vote;

I. **Voluntary Petition Under the Provisions of Chapter 11 of the United States Bankruptcy Code**

**NOW, THEREFORE, BE IT RESOLVED**, that all acts and actions taken by the Authorized Officers (as defined below) prior to the date hereof with respect to distribution of the Disclosure Statement and the Solicitation of votes for the Prepackaged Plan be, and hereby are, in all respects confirmed, approved and ratified;

**FURTHER RESOLVED**, that, to effectuate the Plan Term Sheet and the Transactions contemplated in connection therewith, it will, in the judgment of the Board, be desirable and in the best interests of the Corporation, its creditors and other interested parties, that a voluntary petition be filed by the Corporation under the provisions of chapter 11 of title 11 of the United States Code (a "Voluntary Petition") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**FURTHER RESOLVED**, that John Horton, Chief Executive Officer, and Randall Lay, Chief Financial Officer (each an "Authorized Officer" and, collectively, the "Authorized Officers"), acting alone or together, be, and hereby are, authorized to file the Prepackaged Plan and related Disclosure Statement and all materials related thereto with the Bankruptcy Court, if and when the Global Settlement Agreement (defined below) is final, and to seek confirmation of the Prepackaged Plan as expeditiously as possible and to take such steps as are necessary to consummate the Prepackaged Plan as soon as practicable after confirmation consistent with the terms of the Plan Term Sheet;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or together, be, and hereby are, authorized and empowered to finalize negotiations and enter into a global settlement (the "Global Settlement Agreement"), by and among the Corporation, I-4 Land Holding Limited Company and Don Wallace. The Global Settlement Agreement shall be on terms substantially consistent with those described in the Board Meeting of even date including: (i) Wallace and I-4 to receive up to $300K in fees reimbursed, dismissal of the rent lawsuit, and agreement that his rent calculation is correct; (ii) the Company to receive the agreement of Wallace and I-4 not to object to Prepackaged Plan or related transactions, and a commitment to sign future estoppel certificates consistent with those signed historically; and (iii) mutual releases to be exchanged by all parties, be, and hereby is, in all respects, approved;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or together, be, and hereby are, authorized and empowered to execute and/or file on behalf of the Corporation the Voluntary Petition and all schedules, lists, motions, applications, pleadings and

other papers or documents as necessary to commence the case and obtain chapter 11 relief, including but not limited to motions to obtain the use of cash collateral and provide adequate protection therefor (as provided for below) (the "First Day Papers"), and to take any and all further acts and deeds that they deem necessary, proper and desirable in connection with the Voluntary Petition and the Prepackaged Plan, with a view to the successful prosecution of such case;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or together, be, and hereby are, authorized and empowered on behalf of, and in the name of, the Corporation to execute and verify or certify the First Day Papers, as required for filing with the Bankruptcy Court, and in such form as such Authorized Officers, acting alone or together, may approve;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or together, be, and hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as counsel to represent and assist the Corporation in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Corporation's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers acting alone or together, be, and hereby is authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Voluntary Petition and cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP;

**FURTHER RESOLVED**, that the Authorized Officers acting alone or together, be, and hereby are, authorized and directed to employ the law firm of Young Conaway Stargatt & Taylor LLP as local bankruptcy and conflicts counsel to represent and assist the Corporation in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Corporation's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers acting alone or together, be, and hereby is authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Voluntary Petition and cause to be filed an appropriate application for authority to retain the services of Young Conaway Stargatt & Taylor LLP;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or together, be, and hereby are, authorized and directed to employ the firm of Macquarie Capital (USA) Inc. as financial advisors to represent and assist the Corporation in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, the Authorized Officers, acting alone or together, be, and hereby are, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Voluntary Petition, and to cause to be filed an appropriate application for authority to retain the services of Macquarie Capital (USA) Inc.;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or together, be, and hereby are, authorized and directed to employ the firm of Epiq Bankruptcy Solutions, LLC as notice, claims and balloting agent to represent and assist the Corporation in carrying out its duties under title 11 of the United States Code, and to take any and all actions to

advance the Corporation's rights and obligations; and in connection therewith, the Authorized Officers, acting alone or together, be, and hereby are, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Voluntary Petition, and to cause to be filed an appropriate application for authority to retain the services of Epiq Bankruptcy Solutions, LLC;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or together, be, and hereby are, authorized and directed to employ the firm of Crowe Horwath LLP as tax advisors to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers, acting alone or together, be, and hereby are, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Voluntary Petition, and to cause to be filed appropriate applications for authority to retain the services of Crowe Horwath LLP; and

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or together, be, and hereby are, authorized and directed to employ any other professionals to assist the Corporation in carrying out its duties under title 11 of the United States Code; and in connection therewith, the Authorized Officers acting alone or together, be, and hereby are authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Voluntary Petition and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

## II.    Post-Petition Credit Agreement

**RESOLVED,** that the Authorized Officers, acting alone or together, be, and hereby are, authorized to negotiate and enter into the Post-Petition Credit Agreement, by and among the Corporation and its affiliates, as debtors, Bank of America, N.A., as administrative agent and collateral agent ("DIP Agent"), and the lenders party thereto (the "DIP Lenders"), as set forth in the Plan Term Sheet and the Restructuring Term Sheet (the "DIP Credit Facility"). The Corporation's performance of its obligations as Borrower under the DIP Credit Facility on terms substantially consistent with those set forth in the Plan Term Sheet, be, and hereby are, in all respects, approved;

**FURTHER RESOLVED**, that the form, terms and provisions of each of the instruments and documents listed below (collectively, the "DIP Loan Documents"), are hereby in all respects approved on terms substantially consistent with those set forth in the Plan Term Sheet, and the Corporation's performance of its obligations under the DIP Loan Documents be, and hereby are, in all respects approved on terms substantially consistent with those set forth in the Plan Term Sheet, and that the Authorized Officers, acting alone or together, be, and hereby are, authorized and empowered to negotiate, execute and deliver the DIP Loan Documents, in the name and on behalf of the Corporation under its corporate seal or otherwise, substantially consistent with those set forth in the Plan Term Sheet, with such changes therein and modifications and amendments thereto as the Authorized Officers approve, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

4

A.  certain guarantee and collateral agreements and such agreements, assignments or instruments (including affidavits, financing statements, notices, reaffirmations, stock powers and amendments and restatements of existing documents) as may be required thereunder;

B.  any (i) copyright security agreement, (ii) patent security agreement and (iii) trademark security agreement, together with any amendments thereof, such security agreements, notices, financing statements, tax affidavits, and other instruments as the DIP Agent may reasonably request or as may be necessary or appropriate to create, preserve and perfect the liens purported to be required pursuant to the DIP Loan Documents to be created in the collateral to be described therein as collateral security for the payment of obligations, advances, debts or liabilities related to the Corporation's obligations;

C.  a mortgage or deed of trust, if any, on each parcel of real property owned by the Corporation and a leasehold mortgage, if any, on each parcel of real property leased by the Corporation;

D.  such forms of deposit account control agreement, letters of credit security agreement, other various types of security agreements, landlord personal property collateral access agreements, landlord waivers, officer's certificates and compliance certificates as may be required by the DIP Credit Facility or any other DIP Loan Document; and

E.  such other instruments, certificates, notices, assignments and documents as may be requested by the DIP Agent pursuant to the DIP Loan Documents;

**FURTHER RESOLVED,** that the Board hereby authorizes the Corporation to grant liens and security interests in and to all of the Corporation's assets of whatever kind in favor of the DIP Agent as collateral to secure the obligations in the DIP Loan Documents and the Board hereby authorizes the DIP Agent to file any financing statements (including financing statements describing the collateral as "all assets," "all personal property" or with words of similar import), assignments for security or other documents in the name of the Corporation as may be necessary or desirable to perfect the security interests granted to the DIP Lenders in the DIP Loan Documents;

**FURTHER RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Loan Documents, to arrange for and enter into supplemental agreements, amendments, instruments, certificates or documents relating to the transactions contemplated by the Plan Term Sheet and or any of the other DIP Loan Documents and to negotiate, execute and deliver all such supplemental agreements, amendments, instruments, certificates or documents in the name and on behalf of the Corporation under its corporate seal or otherwise, which shall in their sole judgment be necessary, proper or advisable in order to perform the Corporation obligations under or in connection with the Plan Term Sheet and the DIP Loan Documents and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions;

5

**FURTHER RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, amendment and restatements, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Loan Documents which shall in their sole judgment be necessary, proper or advisable;

**FURTHER RESOLVED,** that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the Plan Term Sheet and the DIP Loan Documents be, and hereby are, in all respects confirmed, approved and ratified; and

**FURTHER RESOLVED,** that all capitalized terms used in the resolutions under the caption "POST-PETITION CREDIT AGREEMENT" and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan Term Sheet.

### III.  Ratification of All Prior and Future Actions

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of the Corporation or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Corporation, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein; and

**FURTHER RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Corporation, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.