IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| LAZY DAYS' RV CENTER, INC., et al., ) | Case No. 09-13911(KG) |
| ) | (Jointly Administered) |
| Reorganized Debtors. ) | |
| ) | **Re Dkt. No. 153** |

## MEMORANDUM ORDER

The Reorganized Debtors, Lazy Days' R.V. Center Inc. ("Lazy Days'") and LDRV Holdings Corp. ("LDRV") (collectively, the "Reorganized Debtors") have moved (the "Motion") to reopen their closed Chapter 11 cases to adjudicate and enforce terms of the Confirmation Order and Joint Prepackaged Plan of Reorganization (the "Plan"). For the reasons which follow, the Court will grant the requested relief.

### Background and Facts

The Court entered an order confirming the Plan on December 8, 2009 (the "Confirmation Order"). Thereafter, the Court closed the cases by Order, dated March 22, 2009. The Plan, in relevant part, required the Reorganized Debtors to assume a lease and a Global Settlement and Lease Assumption Agreement (the "Settlement Agreement") with the landlord of debtors' principal operational site and headquarters in Florida (the "Property"). The landlord, I-4 Land Holding Limited Company, LLC (the "Landlord") and Lazy Days' entered into a lease agreement for a 126 acre site in Seffner, Florida (the "Lease") in 1999, and have amended it twice. The Lease provides, *inter alia*, for a purchase option by Lazy Days' (the "Purchase Option"). The key terms of the Lease, relevant to the present dispute, are:

13.1   Subject to subsection 13.2 below, Tenant shall not assign or transfer this Lease or Tenant's interest in and to the Demised Premises or Improvements or any part thereof or sublet all or any portion of the Demised Premises or Improvements without the prior written consent of Landlord, which consent shall not be unreasonably withheld or delayed.  No such assignment or subletting shall relieve Tenant from its liability to Landlord under the Lease.  Any attempted transfer, assignment or subletting without the written consent of the Landlord shall be void and confer no rights upon any third person.

13.2   Notwithstanding the provisions of Section 13.1 above to the contrary, Tenant may assign its interest in this Lease, without Landlord's consent, to any corporation or entity which controls, is controlled by or is under common control with Tenant, or to any corporation or entity resulting from the merger or consolidation with Tenant or by Tenant into such corporation or to any successor corporation in the event of the sale of substantially all of the assets of Tenant (collectively "Tenant Affiliate") provided that (a) no Event of Default then exists hereunder; (b) before such assignment shall become effective, said assignee shall assume in writing all of the obligations of Tenant under this Lease; (c) Landlord shall receive at least thirty (30) days prior notice of such assignment, along with supporting information sufficient for Landlord to confirm that such assignment qualifies hereunder; and (d) such Tenant Affiliate has financial ability, net worth, and credit equal to or greater than that of Tenant at the time of the transfer.

\*    \*    \*

33.3   Provided that this Lease has not been assigned or sublet other than pursuant to Section 13.2 and provided that Tenant is not then in default under this Lease, Tenant shall have the option, exercisable by written notice to the Landlord given at any time during the term of this Lease, to purchase the Demised Premises and Improvements on the following terms. . . .

\*    \*    \*

The Confirmation Order required the Reorganized Debtors to assume the Lease and Settlement Agreement. The Settlement Agreement, which settled prepetition litigation between the Reorganized Debtors and the Landlord, provides at paragraph 14 that:

> Except as otherwise provided in this Agreement, there is no intent, nor is the Lease modified in any respect and the Lease and all terms and conditions thereof remain in full force and effect.

Furthermore, the Settlement Agreement directly recites that Lazy Days' intended to assume and assign the Lease to LDRV in connection with the Chapter 11 case. Settlement Agreement, ¶ D. Landlord consented to the assignment without notice. *Id.* at ¶ 5.

The Reorganized Debtors have exercised the Purchase Option. The Landlord has refused to honor the Purchase Option, claiming that it did not survive the bankruptcy cases

The Reorganized Debtors are asking the Court to reopen the cases to permit Reorganized Debtors to establish that their assumption of the Lease under the Plan did not modify the Lease upon assignment to Reorganized Debtors and, accordingly, the Purchase Option remains viable.

## Case Reopening

The Reorganized Debtors and the Landlord have filed separate suits against the other in Florida State Court. Both lawsuits relate to the Purchase Option, a dispute whose genesis is the Confirmation Order. It is appropriate for the Court to interpret its own Confirmation Order. Bankruptcy Rule 3010 permits the Court to reopen a case pursuant to 11 U.S.C. § 350(b), which in turn permits the bankruptcy court which closed a case to reopen that case

to "accord relief to a debtor," among other reasons. The Confirmation Order also provides that the Court retains jurisdiction to hear disputes involving interpretation, implementation or enforcement of the Confirmation Order. Here, the Landlord has attacked a central provision of the Plan and Confirmation Order. The Court will exercise its discretion to reopen the case given the nature of the dispute and the Court's broad discretion. *In re American Remanufacturers, Inc.*, 439 B.R. 633, 636 (D. Del. 2010).

### Lease Assumption and Application of Section 365(f)(3)

The Court agrees with the Reorganized Debtors that when they assumed the Lease, they did so in its entirety, including the Purchase Option. Assuming a lease is an "all or nothing proposition – either the whole contract is assumed or the entire contract is rejected." *Schlumberger Resource Mgmt. Servs., Inc. v. Cellnet Data Sys., Inc. (In re Cellnet Data Sys., Inc.)* 327 F.3d 242, 249 (3d Cir. 2003). The Confirmation Order gives effect to the basic bankruptcy principal enunciated in *Schlumberger*:

> Debtor Lazy Days' shall assume and assign [the Lease] to Debtor LDRV Holdings and the Debtor LDRV Holdings shall be bound by all terms and conditions and obligations of the Lease. . . .

Confirmation Order ¶ 25.

Although it appears to the Court that the Settlement Agreement constitutes the Landlord's consent to the Assignment, the Landlord seeks to vitiate the Purchase Option by relying on Section 13.1 of the Lease (quoted above) which prohibits an assignment of the Lease absent Landlord's prior written consent. However, the Reorganized Debtors have

4

something superior to Landlord's consent, namely, an Order of the Court in a confirmed bankruptcy case which provides the protections of the Bankruptcy Code, including Section 365(f)(3). The anti-assignment clause of the Lease, Section 13.1, is in direct conflict with Bankruptcy Code Section 365(f)(3) which provides that:

> (3) Notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law that terminates or modifies, or permits a party other than the debtor to terminate or modify, such contract or lease or a right or obligation under such contract or lease on account of an assignment of such contract, such contract lease, right, or obligation may not be terminated or modified under such provision because of the assumption or assignment of such contract or lease by the trustee.

Landlord is plainly attempting what Section 365(f)(3) prohibits, namely, to enforce a provision that impairs the Reorganized Debtors' right to assign the Lease without modification. The case law is clear that Section 365(f)(3) has the rehabilitative purpose of enabling a debtor to assign an executory contract without modifying the rights of a debtor's assignee under the contract. In other words, if the debtor had a right to exercise a purchase option, the assignee has that same right. *See*, e.g., *Double K. Properties, LLC v. Aaron Rents, Inc.*, 2003 U.S. Dist. LEXIS 11940 *5, 6-7 (W.D. Va July 14, 2003); *In re David Orgell, Inc.*, 117 B.R. 574, 576 (Bankr. C.D. Cal. 1990); and *Crow Winthrop Operating Partnership v. Jamboree LLC (In re Crow Winthrop Operating Partnership)*, 241 F.3d 1121, 1124 (9th Cir. 2001). These cases establish that Section 365(f)(3) invalidates lease provisions which impede a debtor's economic interest. To be clear and to provide guidance to any other court asked to decide any issued involving the Lease or the Purchase Option, the Lease is to

be read without Section 13.1, which is invalid.

## DECREE

Accordingly, the Court orders as follows:

1. In accordance with section 305(b) of the Bankruptcy Code, the above-captioned chapter 11 cases are reopened for the limited purpose of adjudicating the Motion, and enforcing the Confirmation Order and the Plan.

2. The above-captioned chapter 11 cases shall be closed upon the expiration of the appeal period of this Order without the need for further order of this Court but subject to the right of any party in interest to request an extension prior to the expiry of such period.

3. Consistent with the applicable provisions of the Plan and Confirmation Order, the Lease, inclusive of the Purchase Option, was assumed by Lazy Days' and assigned to LDRV Holdings pursuant to U.S.C. § 365(a).

4. Section 13.1 of the Lease is an anti-assignment provision that is rendered unenforceable pursuant to the terms of 11 U.S.C. § 365(f)(3).

5. The Landlord's attempt to exercise the loss of Purchase Option provision constitutes an impermissible restraint on assignment and related modification of the Lease under 11 U.S.C. § 365(f)(3), and is a violation of the applicable provisions of the Confirmation Order and the Plan.

6.      The Landlord shall comply with the terms of the Lease (including but not limited to the Purchase Option), the Settlement Agreement, the Confirmation Order, and the Plan.

Dated: June 16, 2011

                                                  KEVIN GROSS, U.S.B.J.